UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PIEDAD ANGAMARCA, as Parent and Natural Guardian of J.G., and PIEDAD ANGAMARCA, Individually,

                      Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

                      Defendant.

**ORDER**

19 Civ. 2930 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        This is an action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"). In a July 10, 2019 Order, this Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction directing Defendant to fund Plaintiff's child's school tuition for the 2018-19 school year. (See Order (Dkt. No. 32)) Plaintiff moves for reconsideration of that Order. (See Mot. (Dkt. No. 35)) Defendant cross-moves to dismiss this action as moot, because – after the Court's July 10, 2019 Order was issued – a state administrative proceeding concerning the school tuition dispute was resolved in Plaintiff's favor, and the administrative proceeding "provides Plaintiff all the relief she seeks in this action." (See Mot. (Dkt. No. 44); Pltf. Br. (Dkt. No. 46)) For the reasons stated below, Defendant's motion to dismiss will be granted, and Plaintiff's motion for reconsideration will be denied as moot.

I.   **BACKGROUND**[1]

   A.   <u>Facts</u>

Plaintiff is the mother of J.G., a child who suffers from a brain injury. (Am. Cmplt. (Dkt. No. 10) ¶¶ 6-7)[2] As a result of his brain injury, J.G. is non-verbal and non-ambulatory, and has "highly intensive management needs and requires a high degree of individualized attention, instruction, and intervention." (Ashanti Decl. (Dkt. No. 18) ¶ 2) Pursuant to IDEA, J.G. is entitled to a "free appropriate public education" – that is, special education and services that, inter alia, are "provided at public expense, under public supervision and direction, and without charge," and "in conformity with the individualized education program ['IEP']" [that] state educational agencies – here, Defendant Department of Education ("DOE") – must provide. See 20 U.S.C. §§ 1401(9), 1414(d).

In the 2016-17 and 2017-18 school years, J.G. attended the International Academy of Hope ("Hope Academy"). Although DOE's IEPs for J.G. for those school years had not recommended placement at Hope Academy, DOE agreed to fund J.G.'s 2016-17 and 2017-18 tuition at Hope Academy pursuant to stipulations of settlement.[3] (See 2016-17 Stipulation of Settlement (Dkt. No. 18-1) at 40; 2017-18 Stipulation of Settlement (Dkt. No. 18-1) at 50)

In 2018, DOE issued an IEP for J.G. for the 2018-19 school year. The IEP recommends that J.G. be placed at The School of Science and Applied Learning. (See Ashanti

---

[1] Familiarity with this Court's July 10, 2019 Order (Dkt. No. 32) is assumed.
[2] Citations to page numbers of docketed materials correspond to the pagination generated by this District's Electronic Case Filing ("ECF") system.
[3] In these stipulations, DOE disclaims that the settlements constitute a recommendation or agreement that Hope Academy is an appropriate school placement for J.G. (See 2016-17 Stipulation of Settlement (Dkt. No. 18-1) at 43; 2017-18 Stipulation of Settlement (Dkt. No. 18-1) at 53)

Decl., Ex. G (Dkt. No. 18-2) at 3) Plaintiff rejected both the IEP and the recommended placement (id.), and in a June 21, 2018 letter, Plaintiff notified DOE of her "intent to unilaterally place [J.G.] at the International Institute for the Brain [the 'Brain Institute'] for the 2018-2019 school year." (June 21, 2018 Ltr. (Dkt. No. 18-1) at 57) J.G. began attending the Brain Institute on July 9, 2018. (See Ashanti Decl. (Dkt. No. 18) ¶ 13; Enrollment Contract (Dkt. No. 18-2) at 7)

That same day, Plaintiff filed a due process complaint against DOE, contending that DOE had violated IDEA and impeded J.G.'s right to a free and appropriate public education. The due process complaint requests that "an interim order of pendency be issued immediately" pursuant to the "stay-put" provisions of IDEA and New York law, "which give the child the right to remain in his or her current educational placement at the local district's expense during the pendency of any administrative or judicial proceedings." (See Due Process Cmplt. (Dkt. No. 18-2) at 2-4 (citing 20 U.S.C. §1415(j); New York Education Law 4404(4))) Plaintiff contended that J.G.'s then "current educational placement," or pendency placement, was the Brain Institute, on the theory that the Brain Institute's education plan was "substantially similar" to the plan provided by Hope Academy. (See, e.g., Impartial Hearing Officer Pendency Decision, Ashanti Decl., Ex. K (Dkt. No. 18-3) at 90-91)

After conducting a hearing, a New York State Impartial Hearing Officer ("IHO") issued an October 8, 2018 interim decision rejecting Plaintiff's argument that the Brain Institute was J.G.'s pendency placement. The IHO concluded that, inter alia, "the Hearing Record does not support a finding that [the Brain Institute's educational] program is substantially similar to [the educational program that had been provided by the Hope Academy]." (Id. at 94) The IHO did not make a finding as to the appropriate pendency placement, however.

3

Plaintiff appealed the interim decision to a State Review Officer ("SRO"). In a December 26, 2018 decision, the SRO agreed that the Brain Institute's educational plan was not substantially similar to Hope Academy's educational plan, and rejected the appeal. In her decision, the SRO concluded that the appropriate pendency placement is "the last-agreed upon and implemented IEP" for J.G., which was for the 2014-15 school year.

B. **Procedural History**

The Complaint was filed on April 2, 2019. (Dkt. No. 1) On April 5, 2019, Plaintiff filed the Amended Complaint. The Amended Complaint seeks an order vacating the SRO's decision and directing DOE "to fund J.G.'s placement at [the Brain Institute] for the 2018-19 school year, until a final adjudication on the due process complaint is complete." (See Am. Cmplt. (Dkt. No. 10) ad damnum clause) On April 26, 2019, Plaintiff moved for a temporary restraining order and preliminary injunction, seeking the same relief. (Mot. (Dkt. No. 17))

On July 10, 2019, this Court denied Plaintiff's application for a temporary restraining order and preliminary injunction, finding that Plaintiff had not demonstrated that the Brain Institute is J.G.'s pendency placement. This Court agreed with the IHO and SRO's finding that the Brain Institute's educational program for J.G. is not substantially similar to the program he received at Hope Academy. (See July 10, 2019 Order (Dkt. No. 32) at 18) In so holding, this Court noted – as had the IHO and SRO – that the evidence showed that when J.G. began attending the Brain Institute, that school did not offer the vision services or parent training and

counseling that the Hope Academy offered, and that the Brain Institute agreed should be part of J.G.'s educational plan.4 (See id. at 16-18)

On July 16, 2019, Plaintiff moved for reconsideration, citing "developments" in the vision services and parent training and counseling programs offered by the Brain Institute. Plaintiff claimed that these "developments" warrant a new determination concerning Plaintiff's application for injunctive relief. (See Mot. (Dkt. No. 35); Pltf. Br. (Dkt. No. 36) at 2-3)

That same day, the IHO responsible for Plaintiff's due process complaint issued a decision finding that DOE had failed to provide J.G. with a free and appropriate public education for the 2018-19 school year. The IHO directed DOE to (1) place J.G. at the Brain Institute; (2) pay J.G.'s tuition for that year; and (3) reimburse Plaintiff for any out-of-pocket expenses for J.G.'s placement during that school year. (See Crotty Decl. (Dkt. No. 45) ¶ 2; IHO Decision (Dkt. No. 45-1) at 6, 9-10) On July 24, 2019, Plaintiff's counsel requested that DOE directly pay the Brain Institute $345,432, representing J.G.'s tuition and transportation costs, in accordance with the IHO's decision. (See Kapoor Decl. (Dkt. No. 49) ¶ 3)

On August 9, 2019, DOE moved to dismiss the Amended Complaint. DOE represented that it would not appeal the IHO's decision, and contended that the IHO's decision had rendered this case moot. (See Mot. (Dkt. No. 44); Def. Br. (Dkt. No. 46) at 2)5 DOE made Plaintiff's requested payments on August 16, 2019 and August 20, 2019. (Kapoor Decl. (Dkt. No. 49) ¶ 4)

---

4 This Court rejected the SRO's finding that the placement specified in the 2014-15 IEP is Plaintiff's pendency placement, however. (See July 11, 2019 order (Dkt. No. 32) at 12-14) This Court held that the educational status quo that IDEA seeks to preserve is the educational program that Hope Academy provided to J.G. during the 2017-18 school year, not the placement provided in 2014-15. (Id.)

5 DOE abided by its representation that it would not file an appeal, and the time for taking an appeal has since passed. See Kapoor Decl. (Dkt. No. 49) ¶ 2.

5

## II.    DISCUSSION

"Under Article III of the Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'"  Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)).  As this Court "is duty-bound . . . to address the issue of subject matter jurisdiction at the outset," Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 929 (2d Cir. 1998), overruled on other grounds by Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395 (2d Cir. 2014), the Court addresses Defendant's motion to dismiss first.

### A.    Mootness Standard

"The mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies."  Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998).  "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur."  Id.; see also Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (a case is moot where "an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever . . . " (internal quotation marks and citation omitted)).  When a case becomes moot, "the court . . . loses jurisdiction over the suit, which therefore must be dismissed."  Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 84 (2d Cir. 2005) (internal quotation marks and citation omitted).

"The Supreme Court has 'recognized an exception to the general rule [requiring dismissal of moot actions] in cases that are capable of repetition, yet evading review.'"  Id. at 84-95 (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982) (per curiam)).  "Th[is] capable-of-

repetition doctrine applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17 (1998) (internal quotation marks, citations, and brackets omitted).

### B. Analysis

DOE contends that this case is moot, because the IHO's decision "provides all the relief Plaintiff seeks in this action, making it impossible for this Court to grant any effectual relief to Plaintiff." (Def. Br. (Dkt. No. 46) at 7) The Court agrees.

In this action, Plaintiff seeks an "order[] [directing] DOE to fund J.G.'s pendency placement at [the Brain Institute] for the 2018-19 school year, until a final adjudication on the due process complaint is complete." (Am. Cmplt. (Dkt. No. 10) ad damnum clause) Plaintiff's due process complaint has been adjudicated, and DOE has funded J.G.'s 2018-19 school year at the Brain Institute. There is no "effectual relief," see Church of Scientology of California, 506 U.S. at 12 (internal quotation marks and citation omitted), for this Court to grant. Indeed, courts in this District routinely dismiss IDEA cases as moot under similar circumstances. See, e.g., K.C. v. New York City Educ. Dep't, No. 13 CIV. 5910 PGG, 2015 WL 5784905, at *15 (S.D.N.Y. Sept. 30, 2015) ("Because Plaintiffs have not demonstrated that they have a reasonable expectation that they will again be subjected to a delay in the issuance of an SRO decision, the claims in this action are moot."); F.O. v. New York City Dep't of Educ., 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012) ("[T]he relief that Plaintiffs sought in this matter, having the DOE provide a paraprofessional during the 2010-11 school year, has been provided; the school year is over and DOE . . . provided the paraprofessional. Plaintiffs' claim is therefore moot.");

R.C. v. Carmel Cent. Sch. Dist., No. 06 CIV. 5495 (CLB), 2007 WL 1732429, at *4 (S.D.N.Y. June 14, 2007) ("Four days after this action was filed, the IHO decision [on plaintiffs' due process complaint] granted Plaintiffs' reimbursement requests for the costs of the services that Plaintiffs would have secured had their pendency application been approved. It cannot be disputed that any claims except for compensatory education are moot in light of the IHO's reimbursement and supplemental services award to Plaintiffs on the merits of their challenge . . . and the [School] District's decision not to appeal that order.").

Plaintiff contends, however, that "this case is not moot[,] because the issue of DOE failing to provide this student with a pendency placement . . . is capable of repetition yet evading review." (Pltf. Opp. Br. (Dkt. No. 48) at 3) Plaintiff argues that "because pendency is evaluated independently with each new school year, DOE has a unique opportunity to repeatedly withhold pendency funding from J.G. year after year," so that "this matter provides a classic example of . . . the mootness exception." (Id.) Plaintiff further asserts that she "seek[s] vindication of J.G.'s statutory right to pendency," and that "unless this Court denies the instant motion and decides Plaintiff's pending Motion for Reconsideration on the merits thereof, J.G.'s statutorily guaranteed right to pendency will continue to stand on shaky ground moving forward." (Id. at 4) Plaintiff's arguments are not persuasive.

As to whether this case presents an "exceptional situation[]" warranting application of the "capable-of-repetition" doctrine, as noted above, that doctrine applies only where (1) "[t]he challenged action is . . . too short to be fully litigated prior to cessation or expiration"; and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer, 523 U.S. at 17 (internal quotation marks, citations, and brackets omitted).

As an initial matter, Plaintiff does not even argue that the first requirement is met here. Indeed, Plaintiff does not mention this requirement at all. And while "a number of circuits [have] conclud[ed] that IEP disputes likely satisfy th[is] first factor for avoiding mootness dismissals," Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ., 397 F.3d 77, 85 (2d Cir. 2005) (citing, among other cases, Rome Sch. Comm. v. Mrs. B., 247 F.3d 29, 31 (1st Cir. 2001) (explaining that "administrative and judicial review of an IEP is ponderous and usually will not be complete until a year after the IEP has expired" (internal quotation marks and citation omitted)), the reasoning of these cases does not necessarily apply to disputes regarding pendency placement. Indeed, pendency claims will likely be resolved before disputes regarding the adequacy of an IEP are resolved.

IDEA's pendency or "stay-put" provision "is, in effect, an automatic preliminary injunction. The statute substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and balance of hardships." Zvi D. by Shirley D. v. Ambach, 694 F.2d 904, 906 (2d Cir. 1982); see also Arlington Cent. Sch. Dist. v. L.P., 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006) ("Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships."); M.G. v. New York City Dep't of Educ., 982 F. Supp. 2d 240, 247 (S.D.N.Y. 2013) (same). The purpose of this "automatic injunction" is "'that all handicapped children, regardless of whether their case is meritorious or not, are to remain in their current educational placement until the dispute with their placement is ultimately resolved.'" Student X v. New York City Dep't of Educ., No. 07-CV-2316(NGG)RER, 2008 WL 4890440, at *20 (E.D.N.Y. Oct. 30, 2008) (emphasis removed) (quoting Mackey ex rel. Thomas

M. v. Bd. of Educ. for Arlington Cent. Sch. Dist., 386 F.3d 158, 160-61 (2d Cir. 2004)). Given the nature of IDEA's "stay-put" provision, issues regarding pendency are generally addressed at the outset of a litigation.

Even if Plaintiff could satisfy the first requirement, however, Plaintiff has not demonstrated that it is reasonable to conclude that J.G. will be subject to the same DOE action again. "To create a reasonable expectation of recurrence, repetition must be more than theoretically possible." Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet, 260 F.3d 114, 120 (2d Cir. 2001). Plaintiff "must show that these same parties are reasonably likely to find themselves again in dispute over the issues raised in this [case]," and "mere speculation . . . does not rise to the level of a reasonable expectation. . . ." Dennin v. Conn. Interscholastic Athletic Conference, Inc., 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks and citation omitted). Although DOE is obligated by IDEA to fashion an IEP for J.G. every year, and although experience suggests that Plaintiff might dispute the adequacy of DOE's IEPs in the future, there is no reason to believe that "the issue[] raised in this [case]" – namely, the proper pendency placement for J.G. when his mother unilaterally moves him from one school to another, and seeks pendency at the new school on the ground that its educational program is substantially similar to the first institution's educational program – is "reasonably likely" to recur. Id.

As for the claim that Plaintiff "seek[s] vindication of J.G.'s statutory right to pendency" (Pltf. Opp. Br. (Dkt. No. 48) at 3), Plaintiff does not explain how "den[ying] the instant motion and decid[ing] Plaintiff's . . . Motion for Reconsideration" (id. at 4) would afford Plaintiff any relief she has not already received. Plaintiff's contention that dismissing this case would leave J.G.'s right to pendency "on shaky ground moving forward," (id.), reads as a

10

watered-down version of the "capable-of-repetition" doctrine, which the Court has concluded is inapplicable here.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss (Dkt. No. 44) is granted, and Plaintiff's motion for reconsideration (Dkt. No. 35) is denied as moot. The Clerk of Court is directed to terminate the motions and to close this case.

Dated: New York, New York
      March 20, 2020

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge